IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                                          CV 04-245-MA

        Plaintiff,                                              OPINION AND ORDER

  v.

$6190.00 IN UNITED STATES CURRENCY, et al., *in rem*,

        Defendants.

    KARIN J. IMMERGUT
    United States Attorney
    District of Oregon
    ROBERT D. NESLER
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, Oregon 97204-2902
    1162 Court Street NE
    Salem, OR 97301-6313

        Attorneys for Plaintiff

    STEPHEN R. SADY
    Chief Deputy Federal Defender
    101 SW Main Street, Suite 1700
    Portland, OR 97204

        Attorney for Claimant Maxim Lam

MARSH, Judge:

    The matter before the Court is the government's Motion (#75) to Strike the Claim of

Maxim Lam (Lam) (#33) in this civil forfeiture action. This court has jurisdiction over this civil

*in rem* action under 28 U.S.C. § 1355(a). *See also* 18 U.S.C. § 981 (listing the types of property

1- OPINION AND ORDER

subject to forfeiture to the United States). Lam asserts an interest in $6255[1] and $20,000 in United States Currency. Lam's is the only unresolved claim in this case which involved numerous sums of currency. For the foregoing reasons the government's motion is GRANTED.

## BACKGROUND

On February 4, 2004 the government commenced this civil forfeiture action by filing a complaint against numerous sums of money located within the District of Oregon, believed to be proceeds of federal immigration violations and a conspiracy to commit them, in contravention of 8 U.S.C. § 1324 and 18 U.S.C. § 371. Shortly thereafter, on March 4, 2004, the government issued a sealed indictment against Lam (#1CR[2]), charging him with 10 counts of Encouraging Aliens to Unlawfully Reside in the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv).

On May 4, 2004 Lam claimed an interest in two of the assets seized in this case. (#33). The same day he also filed a Motion to Stay Discovery and Other Proceedings (#34) in the civil forfeiture action against these assets, pending final resolution of his federal criminal case. In his Motion to Stay, Lam cited 18 U.S.C. § 981(a)(1)(C), arguing that the court must stay civil forfeiture proceedings because they "are directly connected to the litigation of the criminal case." (#34). I granted the Motion to Stay on June 9, 2004. (#37).

Almost a year later, on April 22, 2005, Lam filed a Motion to Dismiss the Indictment (#34CR), arguing, *inter alia*, that the indictment failed to allege *mens rea*. Contrary to Lam's

---

[1] The government's papers state that Lam filed a claim to $6190 and $20,000. However, Lam's claim, and all other pleadings in this matter, indicate that Lam's claim is to $6255 and $20,000. (#33).

[2] CR denotes citation to the criminal case docket in *United States v. Maxim Chow Sang Lam*, CR 04-132-HA. All docket number references without "CR" refer to the forfeiture case docket in *United States v. $6190.00 in United States Currency, et al.*, CV 04-245-MA.

2- OPINION AND ORDER

representation to this Court in his Opposition (#82) to the government's motion to strike his claim, the indictment was not dismissed because Lam proved "that the indictment failed to state a federal crime and that no such federal crime could be constitutionally established." The Honorable Ancer L. Haggerty did not grant Lam's Motion to Dismiss the Indictment. Rather, on May 31, 2005 Judge Haggerty granted the government's Motion to Dismiss the Indictment Without Prejudice (#42CR) "pending [the] outcome of a related pending matter in the Circuit Court of [the] State of Oregon for Washington County, case number C042699CR. (#43CR). Just days earlier Lam had entered a plea of "not guilty" to the 101-count indictment against him in Washington County, which charged numerous violations of state law arising out of a scheme using forged documents as proof of residency to obtain Oregon driver's licenses for non-residents. The charges included racketeering in violation of O.R.S. § 166.720, money laundering in violation of O.R.S. § 164.170, engaging in a monetary transaction involving property derived from unlawful activity in violation of O.R.S. § 164.172, forgery in the first degree in violation of O.R.S. § 165.013, possession of a forged instrument in violation of O.R.S. § 165.022, tampering with public records in violation of O.R.S. § 162.305, and unsworn falsification in violation of O.R.S. § 162.085.

Lam was released on his own recognizance and then failed to appear for the pre-trial call on February 3, 2006. At that time the Washington County Circuit Court issued a bench warrant for Lam's arrest. Lam remains a fugitive and his state criminal case remains pending. While Lam's whereabouts are not known, there is no evidence before this Court to indicate that Lam is confined or held in custody in any other jurisdiction.

On September 7, 2007, the government filed a Motion to Lift the Stay (#70) on the basis

of Lam's fugitive status.  Lam's counsel did not object to this motion, but in a letter to the Court dated September 26, 2007 he requested that I set a briefing schedule on "jurisdictional issues" before ruling on the motion.  The government responded in kind in a letter dated October 9, 2007, urging me to first address the "threshold issue...whether Lam should be disentitled from challenging this forfeiture" due to his fugitive status.  I declined to entertain sidebar arguments about stayed litigation.  Therefore, on November 20, 2007 I granted the Motion to Lift the Stay (#74) and encouraged the parties to raise, under appropriate motions, any issues they deemed appropriate.  The government promptly filed the pending Motion to Strike (#76) on November 21, 2007, and Lam's counsel filed a Memorandum in Opposition to the Motion to Strike (#82) on January 14, 2008.

The government asserts that Lam's claim should be stricken because under the Fugitive Disentitlement Doctrine, codified at 28 U.S.C. § 2466, Lam is not entitled to avail himself of the Court's resources while remaining a fugitive from prosecution.

Lam argues the motion should be denied because this Court lacks subject matter jurisdiction over the currency.  He contends that Congress limited this Court's jurisdiction over forfeiture actions to matters involving violations of federal law, and he did not violate any federal law.  Alternatively, Lam contends the Fugitive Disentitlement Doctrine does not apply to him because he is a fugitive from state prosecution, not federal prosecution, therefore he has not demonstrated an unwillingness to submit to this Court's jurisdiction.

## DISCUSSION

At the outset I reject Lam's contention that this Court lacks jurisdiction over this civil forfeiture action.  According to Lam this Court does not have jurisdiction over the Defendant

4- OPINION AND ORDER

currency because this is purely a state matter and no "valid federal statutory interest" has been established.  Congress conferred original jurisdiction to "the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred" (28 U.S.C. § 1355(b)(1)(A)), if those acts or omissions were proscribed by "any Act of Congress" (28 U.S.C. § 1355(a)).  In this case, Lam was indicted in *United States v. Maxim Chow Sang Lam*, CR 04-132-HA, on 10 counts alleging violations of federal law, as set forth by "Act[s] of Congress."  Although Lam has not been convicted of these charges, Congress did not predicate this Court's jurisdiction on the conviction of the perpetrators of the acts or omissions.  Moreover, although Lam is presumed innocent until proven guilty, it would be inaccurate, at best, to describe Lam as "purely a state actor," as he describes himself.  As noted above, the federal indictment was not dismissed on his motion, but because the government resolved to defer to the state's interest in prosecuting Lam on the 101 count indictment brought by the grand jury in Washington County on the basis of the same "acts or omissions" upon which the federal indictment issued.  Thus, this Court's jurisdiction over the Defendant currency is rooted in the probable cause determination that the acts or omissions that gave rise to this action violated federal law, and occurred within the District of Oregon.  *See* 19 U.S.C. § 1615 (requiring probable cause showing to institute civil forfeiture actions); *see also United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1071 (9th Cir.1994)(probable cause standard in civil forfeiture proceedings "resembles that required to support a search warrant").

Turning to the application of the law of Fugitive Disentitlement, I begin with a brief review of the law's history.  In response to the Supreme Court's invitation in *Degen v. United States*, 517 U.S. 820 (1996) to codify the emerging common law doctrine of fugitive

5- OPINION AND ORDER

disentitlement, Congress included in the Civil Asset Forfeiture Reform Act (CAFRA) a disentitlement provision. With this provision, found at 28 U.S.C. § 2466, Congress attempted to remedy the "unseemly spectacle" of "a criminal defendant who, facing both incarceration and forfeiture for his misdeeds, attempts to invoke from a safe distance only so much of a United States court's jurisdiction as might secure him the return of alleged criminal proceeds while carefully shielding himself from the possibility of a penal sanction." *See Collazos v. United States*, 368 F. 3d 190, 200 (2d Cir. 2004). The relevant portion of the fugitive disentitlement statute states:

> (a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person-
>
> (1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution-
>
> (A) purposely leaves the jurisdiction of the United States;
>
> (B) declines to enter or reenter the United States to submit to its jurisdiction; or
>
> (C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and
>
> (2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

*See* 28 U.S.C. § 2466. The statute had the effect of reviving the preexisting fugitive disentitlement doctrine, such that pre- *Degen* case law applies insofar as it is consistent with the statute. *See* Journal of Legislation, 27 JLEGIS 97 at 115 n. 110

  In *Collazos*, the United States Court of Appeals for the Second Circuit, the only appellate court to address the application of the fugitive disentitlement doctrine since the enactment of

6- OPINION AND ORDER

CAFRA, synthesized the findings a court must make before exercising its discretion[3] to strike a claim to forfeitable assets on the basis of 28 U.S.C. § 2466: (1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension; (2) the claimant must have had notice or knowledge of the warrant; (3) the criminal case must be related to the forfeiture action; (4) the claimant must not be confined or otherwise held in custody in another jurisdiction; and (5) the claimant must have deliberately avoided prosecution by (A) purposefully leaving the United States, (B) declining to enter or reenter the United States, or (C) otherwise evading the jurisdiction of a court in the United States in which a criminal case is pending against the claimant. 368 F. 3d at 198.

Turning to the facts of this case, first, a warrant issued in the state criminal case for Lam's apprehension. Second, Lam was on notice of the pending criminal charges against him as evinced by his multiple court appearances on these matters. *See United States v. $6,976,934.65 Plus Interest*, 478 F. Supp.2d 30 (D.D.C., March 21, 2007)(inquiry is not whether fugitive has been served with actual notice, but "whether the record discloses sufficient information that should put the claimant on notice that he has been called to answer criminal charges in the United States"). Moreover, knowledge of his fugitive status may be imputed to Lam on the basis of his opposition to the government's motion at bar[4]. Third, the criminal case in Washington

---

[3] *See* 146 Cong. Rec. S1753-02, *S1761 (Mar. 27, 2000) (statement of Sen. Leahy) (explaining that legislation "provides a statutory basis for a judge to disallow a civil forfeiture claim by a fugitive, while leaving judges discretion to allow such a claim in the interests of justice," and noting that *Degen* "left open the possibility that Congress could establish such [a] doctrine by statute").

[4] I also note that Lam has had notice and opportunity to be heard in this case, and he continues to be heard notwithstanding his effective "waiver or abandonment" of this right. *See Oretga-Rodriquez v. United States,* 507 U.S. 234, 240 (1993). Disentitlement "need not forever

7- OPINION AND ORDER

County was, indeed, related to the forfeiture action, as outlined above.  *See* 18 U.S.C. § 981(g)(4)(directing the court to "consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the [criminal and forfeiture] proceedings, without requiring an identity with respect to any one or more factors" to determine whether a criminal case or investigation is "related" to a civil forfeiture).  Fourth, since there is no evidence before me to support a finding that Lam is currently confined or otherwise held in custody in another jurisdiction, I presume that he is not.  *See United States v. $6,976,934.65 Plus Interest*, 478 F. Supp.2d at 40-41(presuming claimant is not confined in another jurisdiction where record "gives no indication to the contrary").  Fifth, and finally, I find that Lam deliberately avoided prosecution in Washington County Circuit Court by either purposefully leaving the United States (he is believed to be in China) or otherwise evading the jurisdiction of "a court in the United States in which a criminal case is pending against [him]."

    I do not find any merit to Lam's argument that he did not evade the jurisdiction of a court in the United States" because he is only a fugitive from state court.  Lam does not cite any authority to support his argument that Congress only intended the disentitlement statute to apply to fugitives from federal court, and my own search for a case applying the fugitive disentitlement doctrine to state court fugitives has been fruitless.  Therefore, I am guided by the cannon of statutory construction known as *expresio unius est exclusio alterius*, which holds that "to express or include one thing implies the exclusion of the other, or of the alternative."  *Black's Law*

---

bar [Lam] from vindicating his rights...he must simply submit to the jurisdiction of the court where he is criminally charged, and will then be free to press his claim to the seized property." *United States v. $6,976,934.65 Plus Interest,* 478 F. Supp. 2d 30, 45 (D. D. C., March 21, 2007).

8- OPINION AND ORDER

*Dictionary*, 602 (7th ed. 1999); *see also Russello v. United States*, 464 U.S. 16, 23 (1983)(stating that it is "generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion" of particular language).  Applying this cannon to the fugitive disentitlement statute, I find that Congress purposely identified "courts of the United States" in 28 U.S.C. § 2466(a), and deliberately chose not to do so in 28 U.S.C. § 2466(5)(C) by use of the phrase "otherwise evades the jurisdiction of the court in which a criminal case is pending against the person" because Congress did not wish to limit the application of the fugitive disentitlemenet doctrine to fugitives from federal court.  Notably, this finding is also consistent with the legislative history of the statute, as I have discussed above.

## CONCLUSION

For the foregoing reasons, I hereby GRANT the Government's Motion to Strike the Claim of Maxim Lam (Lam) (#75).

IT IS SO ORDERED.

DATED this  14   day of February, 2008.

                                            \_\_/s/  Malcolm F. Marsh_____
                                            Malcolm F. Marsh
                                            United States District Judge

9- OPINION AND ORDER